UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCCO GALATI JR.,

    Plaintiff,

vs.                                                                                                         Case No. 11-11487

WELLS FARGO BANK, and FEDERAL                                      HON. AVERN COHN
HOME LOAN CORPORATION,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# GRANTING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (Doc. 10)[1]

## I.  Introduction

This is another of one of many cases pending in this district involving a default on a mortgage and eventual foreclosure.  Plaintiff Rocco Galati, Jr. is suing defendants Wells Fargo Bank (Wells Fargo) and Federal Home Loan Mortgage Corporation, a/k/a Freddie Mac (Freddie Mac) making several claims relating to foreclosure proceedings on his residence.  The complaint alleges six claims, as follows:

    Count I - violation of M.C.L. § 600.3205c (failure to modify plaintiff's loan)

    Count II - violation of M.C.L. § 600.3205a (failure to send statutory notice)

    Count III - violation of M.C.L. § 600.3208 (failure to post notice of foreclosure)

    Count IV - injunctive relief

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count V - promissory estoppel

    Count VI - negligence

Before the Court is defendants' motion to dismiss and/or for summary judgment. Defendants argue that (1) plaintiff lacks standing to challenge the foreclosure because the redemption period has expired, (2) plaintiff is guilty of laches, and (3) plaintiff's claims fail on the merits or are otherwise barred. For the reasons that follow, the motion will be granted.

## II.  Background

This case involves real property at 56076 Melzi Ct., Macomb, MI 48042 (the "Property"). On September 21, 2006, plaintiff received a loan in the amount of $380,000.00 from Warren Bank Mortgage Company, LLC (Warren Bank). At closing, plaintiff executed a note and, to secure repayment of the loan, plaintiff and his wife granted a mortgage on the Property. The original mortgagee on plaintiff's mortgage was Mortgage Electronic Registration Systems (MERS) in its capacity as nominee for Warren Bank. The mortgage was recorded on September 28, 2006, in Liber 18190, Page 72, Macomb County Records.

Plaintiff's initial monthly principal and interest obligation under the note was $2,401.86. If he failed to make these monthly payments, the mortgage allowed the mortgagee to commence foreclosure proceedings against the Property.

Sometime prior to 2008, Wells Fargo took over for Warren Bank in its role as lender on plaintiff's loan. In late 2008, plaintiff requested a loan modification. On December 22, 2008, Wells Fargo modified the loan. The modification reduced plaintiff's interest rate by 2% (from 6.5% to 4.5%), and the principal balance was re-amortized

over a term of 40 years.

Plaintiff still had difficulty making payments and, in 2009, he applied for another loan modification—this time under the federal Home Affordable Loan Modification Program (HAMP). Plaintiff was offered a trial plan under HAMP. However, plaintiff did not make payments due under the trial plan. Therefore, the loan was not permanently modified.

On April 26, 2010, MERS assigned the mortgage to Wells Fargo. The assignment to Wells Fargo was recorded on May 6, 2010, in Liber 20248, Page 106, Macomb County Records.

As a result of plaintiff's default, Wells Fargo initiated foreclosure by advertisement proceedings. To this end, on May 4, 2010, Wells Fargo sent plaintiff notice of the foreclosure which was delivered to plaintiff on May 12, 2010 at 1:11 p.m. As will be discussed, however, plaintiff disputes receiving the notice.

Notices of foreclosure were published in the Macomb County Legal News on June 2, June 9, June 16 and June 23, 2010. A true copy of the notice of foreclosure was posted at the Property on June 3, 2010. Plaintiff again says he did not receive notice of the foreclosure.

On October 8, 2010, the Property was sold to Freddie Mac at a sheriff's sale in the amount of $419,459.29. Freddie Mac received a Sheriff's Deed, which was recorded on October 20, 2010, in Liber 20463, Page 704 Macomb County Records.

On March 21, 2011, plaintiff filed suit in state court. Plaintiff sought an obtained a temporary restraining order. A preliminary injunction hearing was scheduled for April 4, 2011 which was later adjourned to April 11, 2011. On April 8, 2011, defendants

removed the case to federal court. Defendants then filed the instant motion.

By statute, the redemption period expired on April 8, 2011. Plaintiff failed to redeem the Property within this time.

### III. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as

(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. <u>Moore v. Philip Morris Co.</u>, 8 F.3d 335, 340 (6th Cir. 1993); <u>see</u> <u>Anderson</u>, 477 U.S. at 249–50.

IV. Analysis

A. Standing

Defendants says that the complaint should be dismissed because plaintiff lacks standing. To establish standing, a plaintiff is required to show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized[,] and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" Heartwood, Inc. v. Agpaoa, 628 F.3d 261, 266 (6th Cir. 2010), citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693 (2000).

Defendants say that plaintiff lost standing to sue for defects in the foreclosure when the redemption period expired on April 8, 2011. This argument is well-taken. Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Savings Bank, FSB, 443 Mich. 45, 50-53 (1993). After a sheriff's sale, a mortgagor is entitled to a period of time in which to redeem the property. M.C.L. § 600.3240(1). The statutory redemption period for residential property is six months. M.C.L. § 600.3240(8). At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236; see also Piotrowski v. State Land Office Bd, 302 Mich. 179, 187 (1942) (noting that the "[p]laintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption . . . .").

Here, the redemption period expired on April 8, 2011. At that point, plaintiff, the former owner, lost standing to assert claims with respect to the property. See Overton

v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion); see also Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. August 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).

This outcome is not altered because plaintiff filed this lawsuit before the redemption period expired. Overton, 2009 WL 1507342, at * 1 (holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in Overton:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich. App. 246, 247-248, 167 N.W.2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

Id. In short, once the redemption period expired on April 8, 2011, plaintiff lost standing to assert defects in the foreclosure proceedings and/or the sheriff's sale.

Plaintiff, however, asserts that he has standing because there is a actual dispute as to whether notice of the foreclosure was posted at the property as required under M.C.L. § 600.3208. Plaintiff also says the foreclosure was invalid because Wells Fargo did not provide him with proper notice of his right to request a modification meeting under M.C.L. § 600.3205a(1)(b). Implicit in this argument is the notion that these

7

alleged defect are sufficient irregularities to void the foreclosure sale. Plaintiff is mistaken.

"The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937). Here, even assuming plaintiff's allegations are true, which Wells Fargo disputes and counters with affidavits attesting that the notice was properly posted and plaintiff was told of his right to ask for a modification, these are insufficient to set aside the foreclosure. Moreover, plaintiff cannot show prejudice resulting from either alleged defect where he did not attempt to redeem the property and waited until days before the redemption period expired to challenge the sheriff's sale, and at no time requested a stay of the sale. Under these circumstances, plaintiff has not stated a plausible claim for relief related to any defect in the foreclosure proceedings. As defendants note, because the entire complaint raises claims related to the foreclosure proceedings, it is subject to dismissal on this ground.

Finally, as defendants point out, the Court faced a similar issue in Nafso v. Wells Fargo Bank, N.A., Case No. 11-10478, 2011 WL 1575372, at *2-3 (E.D. Mich. April 26, 2011). In Nafso, plaintiff alleged that the defendant failed to provide the same notices that are at issue here. Id. at *3. The defendant countered by offering affidavits attesting that the notice of foreclosure was properly posted at the property and that plaintiff was notified of his right to ask for a loan modification. Id. Although the issue was disputed, the Court concluded that "even assuming [plaintiff's] allegations are true, which Wells Fargo disputes and counters with affidavits attesting that the notice was properly posted

8

and [plaintiff] was told of his right to ask for a modification, these are insufficient to set aside the foreclosure." Id. The Court went on to hold that plaintiff did not have standing to bring such claims because the redemption period expired and concluded that plaintiff "has not stated a claim for relief related to any defect in the foreclosure proceedings." Id. The same result obtains here.[2]

### B. Plaintiff's Claims

Defendants alternatively argue that even if plaintiff has standing, his claims still fail to state a claim or otherwise must be dismissed. Each claim is addressed in turn.

#### 1. Count 1 - Violation of M.C.L. § 600.3205c.

In Count I, plaintiff claims a violation of the "loan modification statute." Plaintiff alleges that Wells Fargo violated the "loan modification statute" by failing to utilize "all of the available tools enumerated in MCL 600.3205c(1)(a)." However, M.C.L. § 600.3205c(1) only applies "If a borrower has contacted a housing counselor under section 3205b." M.C.L. § 600.3205c(1). Plaintiff does not allege that he contacted a housing counselor as required under the statute. To the contrary, plaintiff alleges that he never received the required statutory notice, and he admits that he never requested a meeting under the statute.

Although defendants deny that Plaintiff did not receive the required notice, plaintiff has failed to state a claim for violation of M.C.L. § 600.3205c because he has not alleged that he contacted a housing counselor as required under the statute. Therefore, count I must be dismissed.

---

[2]The Court declines to address defendants' laches argument.

In his response, plaintiff argues that the foreclosure of his Mortgage was somehow improper because "the Lender will not allow the Plaintiff an opportunity to modify the terms of his mortgage." Response, at 19. This argument is unavailing. There is no authority for the argument that defendants were required to modify Plaintiff's loan before commencing a foreclosure by advertisement under Michigan law. However, even if defendants were obligated to modify plaintiff's loan, defendants did modify plaintiff's loan at least twice: first, in 2008, the loan was modified to reduce the interest rate from 6.5% to 4.5% and the balance was re-amortized over a term of 40 years; and second, in 2009, defendants offered Plaintiff a trial loan modification plan under the federal HAMP program. There is no basis to find that plaintiff was entitled to a third modification before his Mortgage could be foreclosed.

2.  Counts II and III - Violation of M.C.L. § 600.3205a and M.C.L. § 600.3208.

In Count II, plaintiff alleges that he never received the statutory notice under M.C.L. § 600.3205a. In Count III, alleges that a notice of foreclosure was never posted at the Property. Both of these claims are defective.

Notices of foreclosure are governed by M.C.L. § 600.3208, which provides that notice of a mortgage foreclosure must be published in a newspaper for 4 successive weeks and "shall be posted in a conspicuous place upon any part of the premises described in the notice" within 15 days after the first publication of the notice. M.C.L. § 600.3208. A party challenging the sufficiency of the posting has the burden of proof. Cox v. Townsend, 90 Mich. App. 12, 15 (1979). Personal or actual notice is not required. Moss v. Keary, 231 Mich. 295, 299 (1925); Cheff v. Edwards, 203 Mich. App. 557, 560-61 (1994). Any facially proper service requires a considerable showing of

proof before it may be set aside, and bare denials of service are insufficient. Prentice v. Bank of New York Trust Co.,NA, 2009 WL 1139332, *3 (Mich. App. 2009) (citing Delph v. Smith, 354 Mich. 12, 16-18 (1958). A failure to observe the posting does not, by itself, contradict evidence that the notice was properly posted. Grech v. American Home Mortgage Servicing, 2010 WL 3767609, *1 (Mich. App. 2010).

  Here, plaintiff has submitted his affidavit and an affidavit from his wife in which they state they did not see any notice. Defendants have countered with affidavits and other documents indicating notice was properly given. The Michigan Court of Appeals faced a similar situation of competing affidavits in Grech. In Grech, plaintiffs submitted affidavits in which "they both averred that, although they resided at the subject property, they 'never observed a Notice of Foreclosure posted on the front door or any other conspicuous place on the premises.'" Defendant responded with an affidavit indicating that the notice of foreclosure was properly posted at the property. The court of appeals concluded that plaintiffs' affidavits were insufficient to overcome the evidence of posting because the failure to observe the posting was not sufficient to contradict defendant's evidence that the notice was properly posted.

  Here, the record shows that defendants provided plaintiff with facially proper notice. On May 4, 2010, Wells Fargo sent plaintiff the notice required under M.C.L. § 600.3205a. See Defendants' Ex. F, Sheriff's Deed, "Affidavit of MCL 600.3205 Notice." See also Defendants' Ex. G, May 4, 2010 M.C.L. § 600.3205a Notices with United States Postal Service Track & Confirm Delivery Reports. The notice was delivered to Plaintiff on May 12, 2010 at 1:11 p.m. See Defendants' Ex. G, May 4, 2010 M.C.L. § 600.3205a Notices with United States Postal Service Track & Confirm Delivery Reports.

Further, Wells Fargo published notice of the foreclosure in the Macomb County Legal News for four successive weeks on June 2, June 9, June 16 and June 23, 2010, and posted notice at the Property in accordance with M.C.L. § 600.3208 on June 3. See Defendants' Ex. F, Sheriff's Deed, "Evidence of Sale." As in Grech, plaintiff and plaintiff's wife's self-serving affidavits are not sufficient to contradict the evidence that the notice was properly posted. Indeed, the affidavits are essentially a bare denial of service, which is not sufficient to overcome the indisputable evidence of facially proper service. See Prentice, 2009 WL 1139332 at *3.

Moreover, even if plaintiff was able to meet his burden of proof, his claim still fails because the relief he seeks—a declaration invalidating the sheriff's sale—is not available. Under M.C.L. § 600.3205a, plaintiff's only recourse for a violation was to bring an action to enjoin the sale. M.C.L. § 600.3205a(5). Plaintiff did not file his lawsuit until March 21, 2011—more than 5 months after the sale. And, with regard to his claim that notice of the sale was not posted at the property, it is well established under Michigan law that a defect in foreclosure proceedings renders a foreclosure sale voidable, not void. Jackson Inv. Corp, supra, 162 Mich. App. at 755-56. As the Michigan Court of Appeals explained in Jackson:

> By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property. Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which Jackson advocates. Such a rule would automatically nullify the sale without regard to or consideration of the intervening interests of other parties. We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void. Such a result is consistent with that in Kuschinski v Equitable & Central Trust Co, 277 Mich 23,

12

268 NW 797 (1936), where our Supreme Court held that a foreclosure sale held in violation of a restraining order rendered the sale voidable and not void. <u>Id</u>. at 756.

Overall, counts II and III must be dismissed.

### 3.  Count V - Promissory Estoppel

Defendants argue that to the extent that plaintiff claims that alleged oral representations by defendants regarding a loan modification that are inconsistent with any written agreement—which defendants deny—the claim is barred by the statute of frauds.  The Court agrees.  M.C.L. § 566.132(2), a section of the statute of frauds that applies only to financial institutions, provides, in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extended credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

In <u>Crown Technology Park v. D & N Bank, FSB</u>, 242 Mich. App. 538; 619 N.W.2d 66 (2000), the Michigan Court of Appeals reversed the trial court's denial of defendant's motion for summary disposition on plaintiff's promissory estoppel and negligence claims.  Plaintiff's claims were based on an oral agreement that a promissory note could be pre-paid without penalty.  The court of appeals rejected the argument that the statute of frauds did not bar claims for promissory estoppel.  The court of appeals held that the language of M.C.L. § 566.132(2) "is unambiguous" and "specifically bars 'an action.'"

The court of appeals noted that "the Legislature used the broadest possible language . . . to protect financial institutions by not specifying the types of 'actions' it prohibits, eliminating the possibility of creative pleadings to avoid the ban." Id. at 551. This law remains the same and the statute of frauds applies regardless of the name given to the claims that are at their "core, an action to enforced an oral promise." MCL 566.132(2) precludes any claim, "no matter its label," to enforce a financial institution's alleged promise that is not supported by a written document signed by an authorized representative of the institution. Id. at 549.

Here, plaintiff's allegations of promissory estoppel relate to promises and representations that are not contained in any written document signed by an authorized representative of defendants. Count V must be dismissed based on the statute of frauds.

### 4. Count VI - Negligence

Defendants argue that plaintiff's negligence claim fails because he has not alleged a prima facie case of negligence. The Court agrees. To make out a negligence claim, a plaintiff must allege and prove four elements: duty, breach, causation, and damages. Schultz v Consumers Power Co., 443 Mich. 445, 449 (1993). Whether the defendant owed the plaintiff a duty of care is the threshold question in any negligence action: "It is axiomatic that there can be no tort liability unless defendants owed a duty to plaintiff." Fultz v. Union-Commerce Assoc., 470 Mich. 460, 463 (2004) (quoting Beaty v. Hertzberg & Golden, PC, 456 Mich. 247, 262 (1997)). Whether a duty exists is a question of law. Fultz, 470 Mich. at 463. Dismissal of a complaint is proper if the court determines that the defendant did not owe the plaintiff a duty. Ross v. Glaser, 220

Mich. App. 183, 186 (1997).

The Michigan Supreme Court has held that in "tort actions based on a contract," courts should use a "'separate and distinct mode of analysis." Fultz, 470 Mich. at 467. Specifically, the Court held: "[T]he threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie. Id. See also Hart v. Ludwig, 347 Mich. 559, 565-66 (1956) (holding that to maintain an action in tort, there must be a breach of a legal duty separate and distinct from the breach of a legal duty that arises by contract).

Here, plaintiff has not alleged that defendants owed him a duty that is separate and distinct from their contractual obligations. Plaintiff's allegations relate to defendants' duties that arise, if at all, based on the note and mortgage. For example, plaintiff alleges that "The Defendant, as Mortgage Servicer, owes the Plaintiff, as Borrower, a duty to comply with relevant industry standards for the lending industry, as well as compliance with local, state and federal regulations." Complaint at ¶ 64. However, no such duty exists. See, e.g., Ulrich v. Federal Land Bank of St. Paul, 192 Mich. App. 194, 198- 199; 480 N.W.2d 910 (1991) (holding that a lending institution did not owe a borrower a duty of care with respect to determining the borrower's eligibility for the loan). Because plaintiff has not alleged the existence of a separate and distinct legal duty that would give rise to a negligence claim, plaintiff's negligence claim under count VI must be dismissed.

### 5. Count IV - Injunctive Relief

In Count IV, plaintiff asks for injunctive relief.  Because plaintiff's claims fail for the reasons stated above, he is not entitled to injunctive relief.  Count IV must be dismissed.

## V.  Conclusion

For the reasons stated above, plaintiff has not stated a plausible claim for relief against defendants relating to defects in his mortgage and foreclosure proceedings.  Plaintiff lacks standing to claim any such defects.  Moreover, even if plaintiff had standing, the claims are subject to dismissal as described above.

Accordingly, defendants' motion to dismiss is GRANTED.  This case is DISMISSED.

SO ORDERED.

                         S/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 1, 2011, by electronic and/or ordinary mail.

                         S/Julie Owens
                         Case Manager, (313) 234-5160